lml

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,    )
    )
        Plaintiff,    )
    )
    vs.    )    Case No. 04-40146-JAR
    )
AARON SHAFFER,    )
    )
        Defendant.    )
_____)

## MEMORANDUM AND ORDER DENYING
## DEFENDANT'S MOTION TO SUPPRESS

This matter is before the Court on defendant Aaron Shaffer's Motion to Suppress statements attributed to him during the execution of a search warrant at his residence (Doc. 17). An evidentiary hearing was held March 28, 2005, and the Court took the matter under advisement. For the reasons set forth below, defendant's motion is denied.

**Facts**

On July 28, 2003, Immigration and Customs Enforcement ("ICE") agents, with assistance from the Shawnee County Sheriff's Office, executed a federal search warrant at the residence of Christine Stanton, defendant's mother. Mrs. Stanton, her husband Alex Stanton, and defendant were present during the search; defendant's grandmother arrived later. The search took approximately two and one-half hours, beginning at 8:43 a.m. and ending at approximately 11:15 a.m. Defendant, who is 24 years old, lived with his mother and step-father, and had a bedroom in the basement of the house.

Agent David Zimmer, the ICE agent in charge of the case, testified that seven law enforcement officers executed the warrant.  Agent Zimmer testified that the officers knocked on the door and Mrs. Stanton allowed them inside; no weapons were drawn.  After announcing their presence, the officers fanned out to assigned areas of the house.  Zimmer and two other officers went to the basement, where defendant was in bed.  Defendant was asked to get dressed and was escorted out of his bedroom and down a hallway into the basement family room.

Agent Zimmer informed defendant that a search warrant regarding child pornography was being executed.  Zimmer advised defendant that he was not under arrest and that he was free to leave at any time.  Agent Zimmer asked defendant if he could ask him some questions about the details surrounding the search warrant, although he did not advise defendant that he was not required to speak to the agents.  Defendant agreed, and Zimmer and Agent Bryant Rogers conducted the interview in the basement family room.  Zimmer did not inform defendant of his *Miranda* rights.  Defendant was seated during the interview.  Agent Zimmer testified he was seated across from defendant for at least part of the interview and Agent Rogers stood behind a half-wall countertop bar.  The only means of exit from the basement was the stairs.  Although the agents either stood or sat between defendant and the stairs during the interview, both testified that they did not block the stairs in any way, nor did they tell defendant that he could not go upstairs.

The interview lasted approximately one hour.  Defendant did not ask to leave the basement, did not ask to use the bathroom, did not ask that the questioning stop, and did not ask for any family members to be present.  Agent Zimmer testified that neither he nor Agent Rogers used physical restraint or show of force, nor did they use coercion, threats or deceptive tactics during the interview.  After the

interview concluded, defendant was escorted upstairs, where his mother and grandmother were sitting in the kitchen, accompanied by another agent.  Zimmer testified that pursuant to standard procedure, none of the occupants were allowed to move about the house unescorted during the search, although they were free to leave the house.

### Discussion

"It is well established that police officers are not required to administer *Miranda* warnings to everyone whom they question."[1]  Instead, *Miranda* only applies when an individual is subject to "custodial interrogation."[2]  The Supreme Court has held that a person is not in custody for *Miranda* purposes unless his "freedom of action is curtailed to a degree associated with formal arrest."[3]  *Miranda's* "in custody" requirement is measured objectively, the proper inquiry being whether "a reasonable [person] in the suspect's position would have understood the situation . . . as the functional equivalent of formal arrest."[4]  This reasonable person "does not have a guilty state of mind and does not have peculiar mental or emotional conditions that are not apparent to the questioning officer."[5]  Moreover, the fact that the interview took place in defendant's home does not weigh in favor of concluding he was in custody.[6]  However, the "custody" for *Miranda* purposes may occur in one's

---

[1] *United States v. Erving L.*, 147 F.3d 1240, 1246 (10th Cir. 1998) (quotation omitted).

[2] *Miranda v. Arizona*, 384 U.S. 436, 444 (1966).

[3] *Berkemer v. McCarty*, 468 U.S. 420, 440 (1984) (quotation omitted).

[4] *Id*. at 442.

[5] *United States v. Rogers*, 391 F.3d 1165, 1169 (10th Cir. 2004) (quoting *Erving L.*, 147 F.3d at 1247).

[6] *United States v. Ritchie*, 35 F.3d 1477, 1485 (10th Cir. 1994) ("'[C]ourts are much less likely to find the circumstances custodial when the interrogation occurs in familiar or at least neutral surroundings,' such as the suspect's home." (quoting 1 W. LaFave, *Criminal Procedure*, § 6.6(e), at 496 (1984 & 1991 supp.))).

home if the defendant is subject to the functional equivalent of arrest.[7]

The Court has carefully reviewed the totality of the evidence surrounding defendant's interview and finds no evidence to support a finding that a reasonable person in defendant's position would have felt that his freedom of action was restrained to a degree associated with formal arrest.  While there were several officers at defendant's home, only Agent Zimmer and Agent Rogers stayed with defendant in the basement while the other officers conducted the search.  Although the agents may have been wearing raid jackets and bullet-proof vests, they did not draw their weapons, did not handcuff the defendant, and did not otherwise physically restrain him.  Agent Zimmer testified that defendant was advised that he was not under arrest and could leave at any time; he was not told that he could not go upstairs.  Although Agent Zimmer asked defendant if he could question him about the circumstances surrounding the search warrant, there is no evidence suggesting that the agent's questioning was harassing, prolonged, coercive or threatening.  Zimmer testified that defendant seemed "eager" to talk to the officers, who were calm and courteous throughout the process.  Defendant was never handcuffed or deprived of his freedom.  There was no evidence of any coercive tactics, nor of anything about the atmosphere of the interview which would have led defendant to believe he was not free to leave at any time.  Although the protocol of executing the search warrant limited the occupants' movement in that they were escorted throughout the house, those limitations certainly did not rise to a level associated with formal arrest.  Under the totality of the circumstances, the Court finds that the agents did not violate *Miranda* in questioning defendant.

--------

[7]*United States v. Logan*, 241 F.Supp.2d 1164, 1177 (D. Kan. 2002) (citation omitted).

Even when a defendant's *Miranda* rights are not violated, the court must still conduct a Fifth Amendment inquiry into the voluntariness of any statement.[8]  The court looks to the totality of the circumstances in determining whether the statements were voluntary.[9]  In considering whether a statement is of free will, the courts look to several factors, including: "(1) the characteristics of the defendant: age, education, intelligence, and physical and emotional attributes; (2) the circumstances surrounding the statement, including the length of detention and questioning and the location of questioning; and (3) the tactics, if any, employed by officers. . . . In no case, however, is any single factor determinative."[10]  A confession "must not be extracted by any sort of threats or violence, nor obtained by any direct or implied promises, however slight, nor by the exertion of any improper influence."[11]  Coercive police activity is a necessary predicate to a finding that a confession is not voluntarily within the meaning of the due process clause.[12]

Considering the totality of the circumstances, the agents' actions and words were not coercive. The agents did not use physical force, threatening words or intimidating gestures.  Defendant agreed to answer the agents' questions after being asked one time.  Both agents testified that he seemed eager to speak with them, was calm and did not hesitate when answering questions.  The evidence shows the agents did not use psychological coercion or improper inducement.  Accordingly, the Court finds that

---

[8]*United States v. Roman-Zarate*, 115 F.3d 778, 783 (10th Cir. 1997).

[9]*United States v. Glover*, 104 F.3d 1570, 1579 (10th Cir. 1997).

[10]*United States v. Chalan*, 812 F.2d 1302, 1307 (10th Cir. 1987), *cert. denied*, 488 U.S. 983 (1988).

[11]*Malloy v. Hogan*, 378 U.S. 1, 7 (1964).

[12]*See Erving L.*, 147 F.3d at 1249.

defendant's statements were voluntarily given.  Defendant's motion to suppress is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion to Suppress

(Doc. 17) is DENIED.

IT IS SO ORDERED.

Dated this 1st day of April 2005.

                                          S/ Julie A. Robinson
                                         Julie A. Robinson
                                         United States District Judge

6