IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES of AMERICA,<br><br>        *Plaintiff,*<br>v.<br><br>AARON SHAFFER,<br><br>        *Defendant.* | Case No. 04-40146-01-JAR |

**SENTENCING MEMORANDUM**

On March 27, 2006, this court will sentence Aaron Shaffer for the crimes of possession and distribution of child pornography. A five-year mandatory minimum applies. This minimum sentence is more than sufficient punishment. Aaron is not a pedophile. He poses no danger to the community. Instead, he suffers from Asperberger's Syndrome, a condition which contributed to his obsession with collecting pornography and caused him to fail to appreciate the wrongfulness of possessing and allowing for the distribution of child pornography. Experts who will testify at his sentencing will testify that Aaron is not aroused by child pornography and differs from the typical violator of the child pornography laws in many ways. For these reasons, the Court should impose the minimum sentence of five years of imprisonment.

The guidelines, as calculated in the PSI, call for a sentence of 97 to 121 months. We have objected to the application of two specific offense characteristics. If the Court sustains these objections, the guideline range would be 46 to 57 months.

1

**I.      The Court should sustain defendant's objections to the guideline calculations.**

   **A.      Mr. Shaffer did not receive anything of value, nor did he reasonably anticipate receipt of something of value.**

At the sentencing hearing, the defense intends to supplement its objection with testimony by Dr. Bainum. Dr. Bainum will testify consistently with the defendant's objection and answer any questions that the Court might have about Kazaa. The testimony will be presented unless the Court announces that the objection will be sustained and Dr. Bainum's testimony is unnecessary.

   **B.      The sadistic or masochistic enhancement should not be given.**

A brief supplement to the defense objection to the PSI is appropriate. The government is correct that there is a circuit split on the issue of whether the government's burden includes proving that the defendant knew or intended to possess images that were sadistic or masochistic.[1] The issue has not been addressed by the Tenth Circuit.

Even if the Court concludes that, under the Guidelines, the enhancement would apply, the defense suggests that a variance would be appropriate. In this case, the government cannot prove that Mr. Shaffer viewed any of the sadistic or masochistic videos

---

[1] At the time of the offense, and when the applicable guidelines were drafted, three circuits found that application of the enhancement requires proof that the defendant intended to possess or traffic material portraying sadistic or masochistic conduct, or other depictions of violence, *see United States v. Kimbrough*, 69 F.3d 723 (5th Cir. 1995); *United States v. Burnette*, 234 F.3d 1270, 2000 WL 1597946 (6th Cir. 2000); and *United States v. Tucker*, 136 F.3d 763 (11th Cir. 1998), while only the Seventh Circuit applied a strict liability standard, *see United States v. Richardson*, 238 F.3d 837 (7th Cir. 2001).

or pictures. It cannot come forward with such evidence because the agent in charge of the forensic examination of the computer destroyed all evidence indicating whether or not Mr. Shaffer ever viewed these images. Mr. Shaffer insists that he did not.

The defense cannot prove that Mr. Shaffer did not view these images because the government destroyed the evidence. Because the government is at fault for destroying the evidence necessary to resolve this issue, the equitable result would be to not apply the enhancement or to vary from the guideline sentence in an equal amount.

**II.     A departure or variance is appropriate because Mr. Shaffer did not recognize how inappropriate it was to possess child pornography.**

At sentencing, the defense intends to call Dr. George Athey to testify about Aaron's diagnosis and whether it would diminish his ability to understand the wrongfulness of his behavior. In sum, Dr. Athey's opinion is that Aaron "had a reduced capacity to appreciate that he should not participate in any downloading that would contain [child pornography], and a reduced capacity to appreciate how he would be viewed by others if he did." *See* Memorandum by Dr. Athey, to be provided separately. Because of his condition:

> Aaron cannot on his own reliably use his knowledge of what is right and wrong to appreciate its relevance to his actions or its emotional impact on others if he has intended no harm. By contrast, those who do possess this capacity to appreciate relevance and appreciate emotional impact, and have no other condition diminishing their cognitive abilities, commit an act in deliberate violation of what is right and wrong or for purposes of creating a negative emotional impact for ends that palace their goals above the welfare of others.

*Id.*

Based on Dr. Athey's testimony, the defense will ask the court to depart from the guideline range, or to exercise its discretion to impose a sentence below the guideline range.

**III.    A departure or variance is appropriate because Mr. Shaffer is not the typical person convicted of child pornography. He is not a pedophile and represents no future threat to children.**

At sentencing, the defense will call Dr. Stephen Peterson to testify about his post-conviction evaluation of Aaron. Dr. Peterson is one of the foremost experts in the diagnosis and treatment of pedophiles. Dr. Peterson evaluated Aaron and found that he did not have difficulties with "sexual deviance or pedophilia." His conclusions include: Aaron's "preoccupation with masturbation and pornography isn't significantly different from that of a normal college student;" and that he "does not demonstrate any clear clinical evidence of overriding pedophilic sexual identity." Dr. Peterson also identified fifteen "significant psychiatric and psychological elements" that he believes are mitigating considerations for sentencing. *See* Report of Dr. Peterson, to be provided separately.

        Respectfully submitted,

        Joseph & Hollander, P.A.
        *Attorneys for defendant*

By:    /s/ Christopher M. Joseph
        Christopher M. Joseph (19778)
        1508 S.W. Topeka Blvd.
        Topeka, KS 66612

Tel: (785) 234-3272
Fax: (785) 234-3610
cjoseph@josephhollander.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 16, 2006, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send notice of electronic filing to the following: Christine Kenny and Tanya Treadway, Office of the United States Attorney, 290 U.S. Courthouse, 444 S.E. Quincy, Topeka, Kansas, 66683-2592.

/s/ Christopher M. Joseph
Christopher M. Joseph