IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 04-40146-01-JAR |
| ) | |
| AARON SHAFFER, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

### GOVERNMENT'S RESPONSE TO SENTENCING MEMORANDUM
### (DOC. 98)

The United States of America, by and through Assistant United States Attorney Christine E. Kenney, submits this response to defendant's Sentencing Memorandum. Defendant requests that this court impose a sentence below the guidelines range as calculated in the Presentence Investigation Report (PSIR). Defendant argues three points in support of this position: 1) the guidelines calculation in the PSIR improperly includes two enhancements; 2) defendant's diagnosis did not allow him to recognize that possession of child pornography is inappropriate; and 3) defendant is not a pedophile, represents no future threat to children, and therefore is not the typical person convicted of child pornography crimes.

For the reasons set forth below, defendant's request for a sentence not to exceed the statutory minimum should be denied.

1.     **The PSIR calculations**

   A.   **The five level enhancement under §2G2.2(b)(2)(B) applies to the facts of this case.**

The five level enhancement for distribution of child pornography under §2G2.2(b)(2)(B) for the receipt or expectation of receipt of a thing of value applies when the defendant distributes child pornography in anticipation of, or while reasonably believing in the possibility of, the receipt of a thing of value.[1]  Application Note 1 to §2G2.2 uses bartering and other in-kind transactions as examples of things of value, but is not determinative of all the conduct covered by this subsection.[2]

Defendant argues that participation points are not a thing of value, and that there is nothing to show that the number of files defendant was sharing changed his participation level. However, the defendant believed that the more files he made available for sharing, the more points he would earn and as his points increased, his user features with Kazaa would be enhanced.[3]  The defendant knew that on numerous occasions people had downloaded child pornography from him, and sometimes when defendant went to work he left his computer running to make files available for downloading.[4]  Whether or not defendant actually received enough points to enhance his user features is irrelevant.  What is relevant is that these points had value to the defendant.

---

[1] *United States v. Maneri*, 353 F. 3d 165, 169 (2nd Cir. 2003).

[2] *Id* at 169 - 170.

[3] *TR Vol II* p. 170; *TR Vol I* p. 34.

[4] *TR Vol II* p. 170.

Defendant understood that the sharing function was tied to increasing points.[5] Despite defendant's claim that he was unaware that his sharing feature was activated, the jury found that defendant was knowingly sharing files, and therefore was guilty of distribution.

The number of child pornography images defendant made available for sharing is significant. Agent Rochford testified that he began his investigation by typing in the search term "preteen" and found 233 files that matched this search request.[6] Upon receiving the response to his search, Agent Rochford noted that shafe@kazaa was sharing a large amount of files that matched this search term.[7]

The PSIR properly includes the enhancement under §2G2.2(b)(2)(B). Defendant was found guilty beyond a reasonable doubt of distribution, and this distribution was for the receipt or expectation of receipt of a thing of value, namely the participation points.

**B.     The four level enhancement under §2G2.2(b)(3) applies to the facts of this case.**

The defendant possessed images of child pornography that portray sadistic or masochistic conduct or other depictions of violence. The §2G2.2(b)(3) enhancement applies to most of the images distributed by defendant, or located in defendant's share folder available for distribution. This enhancement applies to images portraying vaginal or anal penetration of a young child by an adult male, because such penetration necessarily would be painful.[8] The two movie files

---

[5] *Testimony of defendant*, *Vol III* p. 403.

[6] *TR Vol I* p. 39.

[7] *TR Vol I* p. 43.

[8] *United States v. Rearden*, 349 F.3d 608, 615 - 616 (9th Cir. 2003).

downloaded by Agent Rochford, meet this criteria.[9]

Defendant argues that it is impossible to prove that he viewed, and therefore knew the content of, the images he had downloaded. Defendant's argument rests on the fact that the last accessed dates were changed by Agent Kanatzer during the forensic examination. However, the jury found defendant guilty of knowingly distributing images of child pornography. In addition, defendant's expert, Dr. Bainum, testified that the last accessed date would be changed when a KaZaa user downloaded files from defendant's KaZaa share folder. Thus, the last accessed date would not necessarily be reliable in proving whether defendant viewed a particular image in his share folder.[10]

Regardless, the evidence shows that the defendant knew the content of at least some of the images he stored in his Kazaa share folder. Defendant told Agent Zimmer that he recognized the names of three of the four files downloaded by Agent Rochford, including the two movie files titled "Five year anal" and "Seven year old girl".[11] Defendant also told Agent Zimmer that he possessed images of adult males engaged in sexual acts with young girls.[12]

In addition, defendant knew that his searches and downloads were likely to result in him storing child pornography on his computer.[13] Although defendant claimed he did not know how the search terms "real kiddy move" and "Rape 8 boy 6 girl" got onto his computer, he

---

[9] *TR Vol I* p. 104, p. 109. Ex # 8, 11.

[10] *TR Vol III* p. 345.

[11]*TR Vol II* p. 168.

[12]*TR Vol II* p. 161.

[13]*TR Vol III* p. 393.

acknowledged that the list in Ex. #12 looked like searches he would have done on his computer, including the search for "R@ygold".[14]  Both Agent Rochford and Agent Kanatzar testified that R@ygold is a word associated with child pornography.[15]

There is a split in the circuits as to whether the government must prove that the defendant knew the images he distributed portrayed sadistic, masochistic or violent conduct for §2G2.2(b)(3) to apply.[16]  The court could find that §2G2.2(b)(3) applies because imposition of sentencing enhancements is generally based upon strict liability.

Assuming that the government is required to prove that the defendant knew the images contained sadistic, masochistic or violent conduct, the evidence supports this enhancement. Defendant was aware of the nature of the images he was likely to get using some of his search terms and he left the images in his share folder for anyone to access.[17]

    **C.**    **The two level enhancement under §2G2.2(b)(6)(A) applies to the facts of this case.**

The PSIR utilized the November 2003 edition of the <u>United States Sentencing Commission Guidelines Manual</u> in calculating the total offense level.  However, the PSIR fails

---

[14] *TR, Vol III* p. 397.

[15] *TR Vol II*, p. 234; *TR Vol I*, p. 107 - 108.

[16] *See, United States v. Wolk*, 337 F.3d 997, 1008 (8th Cir. 2003)(adopting the 7th Circuit position in *United States v. Richardson*, 238 F.3d 837, that sentencing enhancements are generally imposed on the basis of strict liability rather than on a defendant's intentions); *But see United States v. Tucker* 136 F.3d 763, 764 (11th Cir. 1998) and *United States v. Kimbrough*, 69 F.3d 723, 734 (5th Cir. 1995)(holding that §2G2.2(b)(3) has an intent element).

[17] *TR Vol I,* p. 166; *See, United States v. Reardon*, 349 F.3d 608, 616 (9th Cir. 2003)(the question of whether the government must prove intent not reached because the Court found sufficient evidence of intent where the defendant denied looking at all the pictures before sending them but admitted that he found the images on a website that catered to homosexual sadistic and masochistic activities).

to include the 2 level enhancement pursuant to §2G2.2(b)(6)(A). This section applies because the offense involved at least 10, but fewer than 150 images. Thus, the total offense level should be 32.

Defendant argues for the application of the November 2002 edition of the guidelines. However, using the November 2002 edition, along with Amendment 649 effective April 30, 2003, as opposed to the 2003 version will not change the total offense level calculation.

**3.      Relevancy of defendant's diagnosis regarding pedophilia**

Whether or not the defendant is a pedophile is irrelevant to the issues at sentencing. A number of courts have addressed the question whether a defendant's diagnosis not to be a pedophile is grounds for a downward departure, and have consistently held that it is not. The guidelines take into account the gravity of the offense, as compared with more serious forms of exploitation. [18]

Further, in reviewing the sentencing factors under 18 U.S.C. §3553, the guidelines sentence defendant is facing is reasonable. Congress intended, as manifested through the PROTECT Act, to make the punishment for possession and distribution of child pornography

---

[18] *U.S. v. Wind*, 128 F.3d 1276, 1277 (8th Cir. 1997)(defendant not entitled to a downward departure on the ground that he did not commit, or have the tendency to commit, a worse crime); *U.S. v. Grosenheider*, 200 F.3d 321, 334 (5th Cir. 2000)(the fact that defendant had not abused any child, nor had any inclination to do so, did not take his possession of child pornography case out of the heartland of §2252A(a)(5)(B)); *U.S. v. Barton*, 76 F.3d 499, 501 (2nd Cir. 1996)(defendant who pleaded to receipt of child pornography was not entitled to a downward departure simply because he did not commit an additional crime of sexually abusing children, or that he was not a pedophile); *U.S. v. Stevens*, 197 F.3d 1263, 1270 (9th Cir. 1999)(defendant's failure to commit, or have the tendency to commit, a worse crime than simple possession of child pornography was not proper basis for downward departure).

severe enough to reflect the seriousness of the offense.[19]  In addition, given the ease of which these images are transmitted electronically, a severe penalty is necessary to afford adequate deterrence.

In analyzing the sentencing factors under §3553, this court should consider whether this defendant has shown any remorse for his crimes, and whether he has accepted any responsibility for his actions.

## CONCLUSION

The total offense level for defendant's convictions should be 32, with a guidelines range of 121 to 151.  Defendant's request for a sentence below the guidelines range should be denied.  Finally, evidence that defendant is not a pedophile is irrelevant to the reasonableness of the sentence for these crimes.

Respectfully submitted,

ERIC F. MELGREN
United States Attorney

s/ Christine E. Kenney
Christine E. Kenney #13542
Assistant United States Attorney

---

[19] Pub.L. no. 108-21, §401(m)(2)(A), 117 Stat. 650 (2003)(the legislation instructs the Sentencing Commission to adopt additional measures to ensure that the incidence of downward departures is substantially reduced).

CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of March, 2006, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following individual:

Christopher M. Joseph
Attorney for Defendant
Joseph & Hollander
1508 SW Topeka, Blvd.
Topeka, KS 66612

s/ Christine E. Kenney
Christine E. Kenney #13542
Assistant United States Attorney